IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIFFANY DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:23-cv-131 |
| | § | |
| ALOMEGA HOME HEALTH CARE, | § | |
| LLC AND ALVERNA MCCULLOUGH, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Tiffany Davis ("Davis") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Davis, a non-exempt licensed vocational nurse ("LVN") in accordance with the guarantees and protections of the FLSA. Defendants

misclassified Davis as an independent contract and failed and refused to pay Davis at time-and-one-half her regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Davis consistently worked over forty hours per week.

## II. PARTIES

3. Plaintiff Tiffany Davis is an individual residing in Williamson County, Texas.

4. Alomega Home Health Care LLC is a Texas Limited Liability Company that employed Davis.

5. Alomega Home Health Care LLC's registered agent for service of process is Alverna McCullough and she may be served at 41154 Cedar Creek Road, Hempstead, Texas 77445, or wherever else she may be found.

6. At all times relevant to this claim, Alomega Home Health Care LLC was an employer of Davis as defined by 29 U.S.C. §203(d).

7. Alverna McCullough is an individual who is the President of Alomega Home Health Care LLC, and she may be served at 41154 Cedar Creek Road, Hempstead, Texas 77445 or wherever else she may be found.

8. Alverna McCullough individually employed Davis.

9. Alverna McCullough was an employer of Davis as defined by 29 U.S.C. §203(d).

10. Alverna McCullough acted directly or indirectly in the interest of Alomega Home Health Care LLC in relation to Davis's employment.

11. Alverna McCullough had and exercised managerial responsibilities and substantial control over employees of Alomega Home Health Care LLC, including Davis.

12. Alverna McCullough had and exercised control over the terms and conditions of employees of Alomega Home Health Care LLC, including the terms and conditions of Davis's employment.

13. Alverna McCullough had and exercised her authority to hire, fire and direct employees of Alomega Home Health Care LLC, including Davis.

14. Alverna McCullough had and exercised her authority to supervise and control the employment relationships and work schedules of employees of Alomega Home Health Care LLC, including Davis.

15. Alverna McCullough had and exercised her authority to set and determine the rate and method of pay of employees of Alomega Home Health Care LLC, including Davis.

16. Alverna McCullough had and exercised her authority to decide whether employees of Alomega Home Health Care LLC, including Davis, received overtime compensation.

17. Alverna McCullough also kept and maintained employment records for employees of Alomega Home Health Care LLC, including Davis.

### III. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

19. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Williamson County, Texas, which is in this District and Division. Davis was an employee of Defendants, and performed work for Defendants in and around Williamson County, Texas. Defendants are subject to this Court's personal jurisdiction

with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Davis.

21. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Alomega Home Health Care LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Alomega Home Health Care LLC is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Davis was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

25. As an employee of Defendants, Davis handled items such as cell phones, computers, medical equipment and supplies and cleaning supplies, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

26. Defendants operate a home health agency.

27. Davis was employed by Defendants as an LVN.

28. Davis began working for Defendants on October 29, 2021.

29. Davis was assigned to provide care to one patient who lived in Georgetown, Texas.

30. Davis provided nursing care to this patient at the patient's residence six nights per week.

31. Davis worked 12 hours per night, generally from 7 pm to 7 am, or from 6 pm to 6 am.

32. On May 15, 2022, Davis took unpaid maternity leave.

33. Davis returned to work on August, 15, 2022, and continued working for Defendants until October 1, 2022.

34. From August 15, 2022 to October 1, 2022, Davis worked approximately 48 hours per week.

35. At all times, Defendants paid Davis $36 an hour for all hours worked, whether above or below 40 hours per workweek.

36. Throughout her entire tenure with Defendants, Davis was non-exempt.

37. Throughout her entire tenure with Defendants, Davis was entitled to overtime premiums for any hours worked over forty per workweek.

38. Defendants paid no overtime premiums for any hours worked by Davis over forty per workweek.

39. Defendants were fully aware that Davis consistently worked over forty hours per workweek, as they directed her to work these hours.

40. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Davis.

41. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Davis.

42. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Davis.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

43. Davis incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

44. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Davis, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Davis, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Davis, were employed. Defendants have acted willfully in failing to pay its non-exempt employees, including Davis, in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Davis prays for judgment against Defendants Alomega Home Health Care LLC and Alverna McCullough, individually, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Davis and for liquidated damages equal in amount to the unpaid compensation found due to Davis;

b. For an Order awarding Davis the taxable costs and allowable expenses of this action;

c. For an Order awarding Davis attorneys' fees;

d. For an Order awarding Davis pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Davis declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**