## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **TIFFANY DAVIS, SHUKRI ROBINSON,** | § | |
| **and CRYSTAL LEWIS,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:23-CV-00131-RP** |
| **ALVERNA MCCULLOUGH and** | § | |
| **ALOMEGA HOME HEALTH CARE, LLC,** | § | |
| *Defendants* | § | |

### ORDER

Now before the Court is Plaintiffs Tiffany Davis, Shukri Robinson, and Crystal Lewis' First Amended Motion for Default Judgment, filed October 18, 2023 (Dkt. 18).[1]

Plaintiff Tiffany Davis sued Defendants Alverna McCullough and Alomega Home Health Care, LLC on February 9, 2023, alleging violations of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Davis served Alomega Home Health Care on February 23, 2023. Dkt. 5 at 2. Davis filed a First Amended Complaint on May 30, 2023, adding Plaintiffs Shukri Robinson and Crystal Lewis, who also brought FLSA claims. Dkt. 11. Plaintiffs mailed the summons and First Amended Complaint to Alomega Home Health Care and McCullough on July 6, 2023. Dkts. 13-14. Defendants have made no appearance, and the Clerk entered default against them on August 1, 2023. Dkt. 16.

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation

---

[1] By Text Order entered October 19, 2023, the District Court referred the motion to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

omitted). Because Plaintiffs assert FLSA claims under 29 U.S.C. § 216(b), they invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs allege that McCullough is an individual who resides in Texas and that Alomega Home Health Care is a Texas limited liability company that employed them in Williamson County, Texas. Dkt. 11 ¶¶ 6, 9, 22. The Court has general personal jurisdiction over Defendants. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." (citation omitted)); *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337-38 & n.10 (5th Cir. 2020) (stating that general jurisdiction over LLC existed in the state in which its "physical corporate operations are domiciled").

Before a court may "exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (citation omitted). Rule 4(e)(1) permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," and Rule 4(h) permits serving an unincorporated association in the same way. Texas Rule of Civil Procedure 106(a) permits service of process by personal service or by "registered or certified mail, return receipt requested." When the defendant "is served by registered or certified mail as authorized by Rule 106, the return by the authorized person must also contain the return receipt with the addressee's signature." *Loyola de Rios v. Bank of Am., N.A.*, No. SA-11-CA-537-FB, 2011 WL 13324293, at *1 (W.D. Tex. Sept. 2, 2011); TEX. R. CIV. P. 107(c). Under Texas law, service "that does not strictly comply with the rules' requirements is 'invalid and of no effect.'" *Spanton v. Bellah*, 612 S.W.3d 314, 317 (Tex. 2020) (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)).

On March 21, 2023, Davis filed a return of service sworn by Tod E. Pendergrass, who stated that he is authorized to serve process under Texas Rule 103 and that he served Alomega Home Health Care by sending the Complaint and summons to McCullough, its registered agent, by certified mail. Dkt. 5 at 2. The return of service for Alomega Home Health Care includes the return receipt signed by McCullough. Alomega Home Health Care has been properly served. *Id.* at 3.

Plaintiffs did not try to serve McCullough individually until after they filed their First Amended Complaint. Dkt. 18 at 2. Pendergrass sent the required documents to McCullough by certified mail, but a different person signed the return receipt. *Cf.* Dkt. 5 at 3 *with* Dkt. 13 at 3. The signature is illegible, and neither the "Agent" nor "Addressee" box is checked. Dkt. 13 at 3.

Because the return of service does not include a receipt signed by McCullough, Plaintiffs have not strictly complied with the Texas rules of service. *St. Paul Fire & Marine Ins. Co. v. Man Lift Rentals, LLC*, No. MO:15-cv-00180-DAE-DC, 2016 WL 11582657, at *2 (W.D. Tex. March 30, 2016), *R. & R. adopted*, 2016 WL 11582658 (W.D. Tex. April 20, 2016). That McCullough is Alomega Home Health Care's registered agent and received the summons directed to Alomega Home Health Care does not change this result. McCullough is a "legally distinct entity" from Alomega Home Health Care, and both are entitled to service. *Broad. Music, Inc. v. Ctr. Stage of Lake Charles, LLC*, No. 16-cv-00075, 2017 WL 11507811, at *1 (W.D. La. Feb. 24, 2017); *Kaden v. Chamisa Arts, Inc.*, No. EP-15-CV-146-DB, 2016 WL 7616692, at *5 (W.D. Tex. July 15, 2016). Plaintiffs must comply with Texas law to serve McCullough under Rule 4(e)(1). Therefore, the Court finds good cause under Rule 55(c) to set aside the Clerk's entry of default against McCullough and permit time for Plaintiffs to serve her individually.[2]

---

[2] Entry of default under Rule 55(a) is a ministerial clerical function that is non-dispositive and within the authority of this Magistrate Judge to direct or set aside. *Cunningham v. Watts Guerra, LLP*, No. SA-22-CV-363-OLG (HJB), 2023 WL 8481104, at *1 n.1 (W.D. Tex. May 31, 2023).

If a court finds good cause to set aside a Clerk's entry of default, default judgment is automatically without foundation and any motion for such must be denied. *THD Partners, LLC v. JAG Res., Inc.*, No. A-16-CV-849-LY, 2018 WL 3000546, at *3 (W.D. Tex. June 15, 2018), *R. & R. adopted*, 2018 WL 4343428 (W.D. Tex. July 31, 2018); *see also Tipton v. Rayford*, No. SA-21-CV-493-FB, 2023 WL 3551019, at *1 (W.D. Tex. May 16, 2023) (setting aside clerk's entry of default and dismissing motion for entry of default judgment as moot).

Accordingly, **IT IS ORDERED** that the Clerk's Entry of Default (Dkt. 16) is **SET ASIDE** as to Alverna McCullough and Plaintiff's First Amended Motion for Default Judgment (Dkt. 18) is **DISMISSED AS MOOT** without prejudice to refiling.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**IT IS FURTHER ORDERED** that Plaintiffs have until **July 30, 2024** to effect service on McCullough individually.

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on April 30, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE