IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TIFFANY DAVIS, SHUKRI ROBINSON AND CRYSTAL LEWIS, <br><br> Plaintiffs, <br><br> v. <br><br> ALOMEGA HOME HEALTH CARE, LLC AND ALVERNA MCCULLOUGH, INDIVIDUALLY, <br><br> Defendants. | Case No. 1:23-cv-131-RP |

## PLAINTIFFS' SECOND AMENDED MOTION FOR DEFAULT JUDGMENT

Plaintiffs Tiffany Davis, Shukri Robinson and Crystal Lewis file their Second Amended Motion for Default Judgment against Defendants Alomega HealthCare, LLC ("Alomega") and Alverna McCullough ("McCullough") and in support thereof would show the following:

### I.
### INTRODUCTION

1. This is a suit to recover unpaid overtime pay and unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff Tiffany Davis originally served only Defendant Alomega with process on February 23, 2023. Alomega's answer was due on March 16, 2023.[1] Because Alomega did not file an Answer, Davis moved for default against Alomega on April 28, 2023. Dkt. No. 8.

---

[1] The executed return of service for Alomega is filed with the Court as Dkt. 5.

3. Subsequently, Plaintiffs Shukri Robinson and Crystal Davis joined the lawsuit, and a First Amended Complaint was filed on May 30, 2023 (Dkt. No. 11) and served upon Alomega on July 6, 2023 (Dkt. No. 14). After Plaintiffs' First Amended Motion for Default Judgment was denied, Defendant Alverna McCullough was personally served with process on May 24, 2024 (Dkt. No. 22).

*4.* On August 1, 2023, the Clerk entered default against both Defendants. Dkt. 16. Subsequently, this Court set aside the clerk's entry of default against Alverna McCullough. Dkt. 21, p. 4, but this Court let stand the default judgment against Alomega. *Id.*

5. On October 18, 2023, Plaintiffs filed their Amended Motion for Default Judgment against both Defendants. Dkt. 18. On April 30, 2024, this Court denied Plaintiffs' Amended Motion for Default Judgment. Dkt. 21. The Court found that Plaintiffs' process server sent the summons and the First Amended Complaint Defendant Alverna McCullough by certified mail, but that a different person signed the return receipt. Dkt. 21 at p. 3. The Court also found that the signature was illegible, and that neither the "Agent" nor "Addressee" box is checked. *Id.*

6. Because the return of service did not include a receipt signed by McCullough, the Court found that the Plaintiffs had not strictly complied with the Texas rules of service. Dkt. 21 at p. 3. The Court also ordered that the Clerk's Entry of Default be set aside with respect to Defendant Alverna McCullough. *Id.* The Court did not rule on Plaintiffs' Amended Motion for Default Judgment as it related to Alomega. *See generally*, Dkt. 21.

7. Subsequently, Defendant Alverna McCullough was personally served with a copy of the summons and the First Amended Complaint on May 17, 2024, Dkt. 22, making her Answer due on or before June 7, 2024. As Defendant McCullough had filed no pleading, response

or any other motion as of June 11, 2024, on that same day, Plaintiffs requested that the Clerk issue default judgment Defendant Alverna McCullough.   Dkt 23.

8. On June 12, 2024, the clerk issued default judgment against Alverna McCullough.   Dkt. 24.  The clerk has now issued default judgment against Defendant Alomega Home Health Care, LLC, Dkt. 16, and Defendant Alverna McCullough. Dkt. 24.

## II.

## PLAINTIFFS' DAMAGES

### *Unpaid Wages*

9. Plaintiffs claim unpaid overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees with minimum wage, overtime and child labor protections.

10. In pertinent part, the FLSA requires employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207.  Specifically, pursuant to the FLSA, no employer shall employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her  or her employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a)(1).

**TIFFANY DAVIS**

11. Plaintiff Tiffany Davis, a Licensed Vocational Nurse, is a former home health care nurse employed by Alomega and her declaration is attached hereto as Exhibit A.

12. In her declaration, Ms. Davis states that she worked for Alomega as a home health nurse and was paid hourly at a rate of $36 per hour for all hours worked. Exhibit A at ¶3-4. Ms. Davis states that she worked for Alomega from approximately November 1, 2021 through October 1, 2022. Exhibit A at ¶3. During that period of time, she took maternity leave on or about May 15, 2022 through approximately August 1, 2022. Exhibit A at ¶3. She then returned on or about August 2, 2022, working until approximately October 1, 2022. Exhibit A at ¶3.

13. Ms. Davis further declares that before she took maternity leave on May 15, 2022, she would typically work 12 hours per day, Monday through Saturday, although there were some weeks that she worked Monday through Sunday. Exhibit A at ¶4.

14. After returning from maternity leave, Ms. Davis worked approximately 48 hours per week. Exhibit A at ¶4. She was always paid $36.00 an hour for all hours worked, whether above or below 40 hours. Exhibit A at ¶4.

15. Hourly workers are owed overtime pay based on a "time-and-a-half" calculation. For each hour over 40 hours in a workweek that Davis was paid $36, she is owed an additional $18.00 in overtime premiums for that hour.

16. All of Ms. Davis' hours worked are reflected in the spreadsheet attached to her Declaration as Attachment 1. Exhibit A at ¶5. A true and correct copy of Ms. Davis' paychecks, upon which the spreadsheet is based, are attached to Ms. Davis' Declaration as Attachment 2. Exhibit A at ¶5.

17. Ms. Davis was able to determine the precise number of hours that she worked each two-week period (Column F of the spreadsheet) by dividing the total pay for each two-week period (Column E of the spreadsheet) by her hourly rate of $36 after first accounting for any unrelated additions or deductions.   Exhibit A at ¶5.

18. Ms. Davis then determined the total number of hours worked per week by dividing the total hours reflected in Column F by 2.  Exhibit A at ¶6.  All hours over forty are reflected in Column H.  Exhibit A at ¶6.  To determine overtime owed, Ms. Davis then multiplied all hours worked over forty (Column H) by one-half of her hourly rate, or $18 an hour. Exhibit A at ¶6.

19. As reflected in the spreadsheet, Ms. Davis is owed $15,179.50 in unpaid overtime compensation.  Column J, Row 21 of Attachment 1 to Exhibit A; Exhibit A at ¶7.

## SHUKRI ROBINSON

20. Plaintiff Shukri Robinson is a Licensed Vocational Nurse ("LVN) and former home health nurse employed by Defendants Alomega Home Health Care, LLC and Alverna McCullough.  See Exhibit B, Declaration of Shukri Robinson at ¶3. Ms. Robinson worked full-time for Defendants from approximately October 16, 2022 through January 16, 2023. Exhibit B at ¶3.

21. During this period of time, which is 13 weeks, she would typically work 12 hours per day, Monday through Friday, which is 60 hours per week. Exhibit B at ¶4.  She was always paid $35.00 an hour for all hours worked.  Exhibit B at ¶4.

22. As an hourly non-exempt employee, Robinson is owed one-half of her regular hourly rate of $35 for each hour over 40 that she worked in a workweek.

23. 20 hours of overtime worked per week multiplied by 13 weeks multiplied by one-half of

5

her hourly rate ($17.50) comes to $4,550.00 in actual damages.  Exhibit B at ¶5.

## CRYSTAL LEWIS

24. Crystal Lewis is a Licensed Vocational Nurse ("LVN) and former home health nurse employed by Defendant Alomega Home Health Care, LLC and by Defendant Alverna McCullough.  Exhibit C, Declaration of Crystal Lewis at ¶3.  Ms. Lewis worked full-time for Defendants from approximately March 1, 2022 through July 1, 2023.  Exhibit C at ¶3.

25. During this period of time, which is 69 weeks, she would typically work 12 hours per day, Tuesday through Friday, which is 48 hours per week, although at times she worked more.  Exhibit C at ¶4.  Ms. Lewis was always paid $35.00 an hour for all hours worked, whether above or below forty per week.  Exhibit C at ¶4.

26. As an hourly non-exempt employee, Lewis is owed one-half of her regular hourly rate of $35 for each hour over 40 that she worked in a workweek.

27. Eight hours of overtime worked per week multiplied by 69 weeks multiplied by one-half of her hourly rate ($17.50) comes to $9,660.00 in actual damages. Exhibit C at ¶5.

### *Liquidated Damages*

28. In addition to their unpaid wages, Plaintiffs seek an additional equal amount of liquidated or "double" damages as allowed under the FLSA.  Plaintiffs are routinely entitled to receive double damages in an amount equal to the unpaid overtime on their FLSA claims.

29. Section 216(b) of the FLSA provides for liquidated damages as follows:

> **"Any employer who violates the provisions of this title <u>shall be liable</u> to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

29 U.S.C. § 216(b) (emphasis added).

30. Liquidated damages are "compensatory, not punitive in nature." *EEOC v. First Citizens*

*Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). The FLSA originally made such damages mandatory. *See, Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581 (1942). However, the Portal-to-Portal Act made doubling discretionary rather than mandatory by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that her act or omission was not a violation of the FLSA." Even so, there is still a "strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (double damages are the norm, single damages the exception).

31. An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.[2] *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987), *vacated on other grounds*, 488 U.S. 806 (1988). A court must award liquidated damages if the employer fails to meet this burden. *Id*. at 1331; *First Citizens Bank*, 758 F.2d at 403. Even if an employer demonstrates that it acted in good faith, a court nonetheless has the discretion to award liquidated damages for a violation of the FLSA. *See, e.g., Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir. 1987), *cert. denied*, 485 U.S. 930 (1988).

32. To satisfy the "good faith" prong of a liquidated damages defense, an employer must offer

---

[2] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages. *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1071 (9th Cir. 1990) ("An employer has the burden of showing that the violation of the [FLSA] was in good faith and that the employer had reasonable grounds for believing that no violation took place. Absent such a showing, liquidated damages are mandatory").

evidence that it had an honest good faith intention to determine the requirements of the FLSA and then follow them. *Beebee v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283, 1925 (1981). Liquidated damages are mandatory absent such a showing. *Id.; Renfro v. City of Emporia,* 948 F.2d 1529, 1540 (10th Cir. 1991) (district court has no discretion to mitigate liquidated damages in such a case).

33. Even if an employer were to prove subjective "good faith" to avoid paying liquidated damages, the employer must also prove "reasonable grounds" for the acts or omissions violating the FLSA.

34. Whether Defendants had "reasonable grounds" must be evaluated by an objective test. *Renfro*, 948 F.2d at 1540. It is clear that an employer may not rely upon ignorance as a reasonable ground for believing that its actions did not violate the FLSA. *Brennan v. General Motors Acceptance Corporation,* 482 F.2d 825 (5th Cir. 1973); *Barcellona v. Tiffany English Pub*, 597 F.2d 464, 468-69 (5th Cir. 1979).

35. Because Defendants have chosen not to take any action, Defendants have failed to prove either subjective good faith or objectively reasonable grounds for their failure to pay Plaintiffs overtime compensation. Therefore, Plaintiffs are entitled to an award of liquidated damages.

### *Attorney's Fees*

36. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the Fifth Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See,*

e.g., *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

37. The Fifth Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar method multiplies the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work. *See Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993).

38. Here, attorney Douglas B. Welmaker represents the Plaintiffs. Mr. Welmaker states that he has expended more than 13.7 hours on this case and that his reasonable hourly rate is $600.00. *See* Declaration of Douglas B. Welmaker attached hereto as Exhibit D. A printout of time spent in relation to this matter is attached to his declaration as Attachment 1 to Exhibit D and Mr. Welmaker has deducted $1,800.00 from the actual time spent due to the exercise of billing judgment. *Id*. As such, Plaintiffs seek $6,420.00 for attorney time spent prosecuting the case. Plaintiffs do not seek additional fees nor do they seek additional costs involved with serving Alverna McCullough in person or preparing this Second Motion for Default Judgment.

## *Costs*

39. Plaintiffs seek $690.37 in taxable costs, which include costs expended to file suit in federal district court ($402.00), costs for service of process for the Original Complaint ($89.87), costs for postage for the Original Default Judgment ($16.28) and costs for service of process of the Amended Complaint ($182.22). Exhibit D, ¶ 10; Attachment 2 to Exhibit D.

40. Finally, as noted in Exhibit E, Defendant McCullough is not in the military. Plaintiffs have included an updated affidavit from the Department of Defense in this regard in this Second

Motion for Default Judgment.

### III.

### PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully ask the Court to grant their Motion for Default Judgment against Defendants Alomega Home Healthcare, LLC and Alverna McCullough, individually, and award the following damages, jointly and severally:

- $15,179.50 in unpaid wages for Tiffany Davis;

- $15,179.50 in liquidated damages for Tiffany Davis;

- $4,550.00 in actual damages for Shukri Robinson;

- $4,550.00 in liquidated damages for Shukri Robinson;

- $9,660.00 in actual damages for Crystal Lewis;

- $9,660.00 in actual damages for Crystal Lewis;

- $6,420.00 for reasonable and necessary attorney's fees; and

- $690.37 for court costs.

Respectfully submitted,

WELMAKER LAW, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that this foregoing Second Amended Motion for Default Judgment has been served on Defendants Alomega Health Care, LLC and Alverna McCullough on June 13, 2024 via the following methods at the address below:

Via Regular Mail and Via Certified Mail No. 7022 2410 0000 6110 0129

Alomega Home Health Care, LLC
C/O Ms. Alverna McCullough
41154 Cedar Creek Road
Hempstead Texas 77445

Via Regular and Via Certified Mail No. 7022 2410 0000 6110 0112

Ms. Alverna McCullough
41154 Cedar Creek Road
Hempstead Texas 77445

/s/ Douglas B. Welmaker
Douglas B. Welmaker