# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **TIFFANY DAVIS, SHUKRI ROBINSON,** | § | |
| **and CRYSTAL LEWIS,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00131-RP** |
| | § | |
| **ALOMEGA HOME HEALTH CARE, LLC** | § | |
| **and ALVERNA MCCULLOUGH,** | § | |
| *individually*, | § | |
| *Defendants* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   **THE HONORABLE ROBERT PITMAN**
       **UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiffs Tiffany Davis, Shukri Robinson, and Crystal Lewis' Second Amended Motion for Default Judgment, filed June 13, 2024 (Dkt. 25). By Text Order entered June 14, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

Plaintiff Tiffany Davis sued Defendants Alomega Home Health Care, LLC and Alverna McCullough on February 9, 2023, alleging violations of the Fair Labor Standards Act ("FLSA"). Dkt. 1 ¶ 2. Davis filed her First Amended Complaint on May 30, 2023, adding Plaintiffs Shukri Robinson and Crystal Lewis, who also brought FLSA claims. Dkt. 11. Plaintiffs allege that they are non-exempt licensed vocational nurses covered by the FLSA. *Id.* ¶ 2. They allege that McCullough is the owner and President of Alomega Home Health Care, a home health agency that

1

employed Plaintiffs as nurses. *Id.* ¶¶ 7, 29-30. Plaintiffs allege that Defendants violated the FLSA by misclassifying them as independent contractors and failing to pay overtime wages. *Id.* ¶ 2.

Davis served Alomega Home Health Care with the Complaint on February 23, 2023. Dkt. 5. Plaintiffs mailed the summons and First Amended Complaint to Alomega Home Health Care and McCullough on July 6, 2023. Dkts. 13-14. Defendants made no appearance. The Clerk entered default against Defendants on August 1, 2023, Dkt. 16, and Plaintiffs moved for a default judgment. Dkt. 18. The Court found that McCullough had not been properly served and ordered that the Clerk's entry of default against her be set aside. Dkt. 21. Plaintiffs then served McCullough on May 17, 2024. Dkt. 22. McCullough has made no appearance, and on June 12, 2024, the Clerk entered default against her. Dkt. 24. Plaintiffs now ask the Court to enter a default judgment against Defendants and award them damages of $30,359 for Davis, $9,100 for Robinson, and $19,320 for Lewis, and attorneys' fees and costs. Dkt. 25 at 10.

## II.    Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu*, 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's

well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that no hearing is necessary.

### III.    Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A.  Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). The Court previously found that it has both federal question jurisdiction and personal jurisdiction over Defendants. Dkt. 21 at 2.

### B.  Liability

The Court next considers whether a default judgment is procedurally warranted against Defendants and the First Amended Complaint sufficiently sets forth facts showing that Plaintiffs are entitled to relief. *RLI Ins. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex 2020).

### 1.  Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider:

    (1)  whether material issues of fact are at issue;

    (2)  whether there has been substantial prejudice;

    (3)  whether the grounds for default are clearly established;

    (4)  whether the default was caused by a good faith mistake or excusable neglect;

    (5)  the harshness of a default judgment; and

    (6)  whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206. Second, Defendants' "failure to respond threatens to bring the entire process to a halt, effectively prejudicing [Plaintiffs'] interest." *RLI Ins.*, 581 F. Supp. 3d at 824. Third, the grounds for default are clearly established. The Clerk has entered default against Defendants, who were served and have "failed to appear and participate at all, much less timely file a responsive pleading." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Defendants have failed to appear. Fifth, although Plaintiffs seek damages, they seek only those damages to which they are entitled under the FLSA, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2. There Is a Sufficient Basis for Judgment in the Pleadings**

Plaintiffs allege that Defendants violated 29 U.S.C. § 207(a)(2) by employing them for workweeks longer than 40 hours without compensating them at the overtime rate of one and-one-half times their regular pay for all hours worked in excess of 40 hours per week. An employee bringing a FLSA action for unpaid overtime compensation must show: (1) that an employer-employee relationship existed during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Plaintiffs allege:

(1) Alomega Home Health Care and its owner and President, Alverna McCullough, employed them, Dkt. 11 ¶¶ 7-8, 10;

(2) McCullough, acting in her role with Alomega Home Health Care, had the power to hire and fire Plaintiffs, to supervise and control their work schedules, and set their rate of pay and provide overtime compensation, *id.* ¶¶ 12-20;

(3) Plaintiffs, as licensed vocational nurses, handled items that had been moved in or produced for commerce, such as medical equipment and supplies and cleaning supplies, *id.* ¶¶ 2, 27-28;

(4) Alomega Home Health Care was an "enterprise engaged in commerce or in the production of goods for commerce" and had an annual gross volume of sales made or business done of at least $500,000, *id.* ¶ 26;

(5) Davis worked approximately 72 hours per week for Defendants from October 29, 2021 to May 15, 2022 and approximately 48 hours per week from August 15, 2022 to October 1, 2022 at $36 per hour, *id.* ¶¶ 31-38;

(6) Robinson worked approximately 60 hours per week for Defendants from October 15, 2022 to January 16, 2023 at $35 per hour, *id.* ¶ 40;

(7) Lewis, who was a current employee as of the filing of the First Amended Complaint, had worked approximately 48 hours per week for Defendants since March 1, 2022 at $35 per hour, *id.* ¶ 43; and

(8) Alomega Home Health Care paid no overtime premiums to Plaintiffs for any hours worked over 40 per workweek. *Id.* ¶ 47.

By defaulting, Defendants admitted these facts. *Nishimatsu*, 515 F.2d at 1206.

These facts as alleged satisfy all four factors for a FLSA action for unpaid overtime compensation. First, under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts consider whether the putative employer (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). Plaintiffs show that both Alomega Home Health Care and McCullough employed them.

For the second element, Plaintiffs show that they are covered by the FLSA because Alomega Home Health Care was an enterprise engaged in commerce. An enterprise engaged in commerce includes an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and that has an annual gross volume of sales made or business done at least $500,000. 29 U.S.C. § 203(s)(1)(A); *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 785-86 (5th Cir. 2020).

For the third element, Plaintiffs properly alleged that Defendants failed to pay them the at a rate not less than one and one-half times their regular rate for each hour worked over 40 hours per workweek for the identified periods. 29 U.S.C. § 207(a)(2).

Finally, Plaintiffs pleaded the amount of overtime compensation due with sufficient facts to put Defendants on notice of the approximate amount owed. *Womack v. Superior Energy Servs. – N. Am. Servs., Inc.*, No. MO:19-CV-00074-DC-RCG, 2019 WL 7761428, at *3 (W.D. Tex. Oct. 21, 2019) (citation omitted), *R. & R. adopted*, 2020 WL 1902564 (W.D. Tex. Jan. 3, 2020);

The Court finds that Plaintiffs are entitled to default judgment on their FLSA overtime claims.

**C. Relief**

Next, the Court determines the appropriate relief. Plaintiffs request their unpaid wages, liquidated damages, and attorneys' fees and costs. Dkt. 25 at 10.

**1. Unpaid Wages and Liquidated Damages**

The plaintiff in a successful unpaid overtime case shall recover "actual damages in unpaid overtime as well as an 'additional equal amount as liquidated damages.'" *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting 29 U.S.C. § 216(b)). The plaintiff must prove the amount of overtime compensation due by a preponderance of the evidence.

Davis requests $15,179.50 in unpaid overtime. Dkt. 25 at 5. She submits a declaration describing the hours worked and her pay, along with copies of her biweekly paychecks. Dkt. 25-1; Dkt. 25-3. She states that she was paid $36 per hour for all hours worked and calculates her biweekly overtime by dividing each check's payment by $36 and subtracting 80 hours.[1] Some of Davis' paychecks expressly state that she was paid her regular $36 per hour wage for hours worked over 40 hours per week. *E.g.*, Dkt. 25-3 at 1 (calculating pay as "14 days x 12 hrs = 168 hrs @ 36.00/hr"). The Court finds that Davis worked 843.31 hours of overtime while employed by Defendants from November 1, 2021 and October 1, 2022. Dkt. 25-3. Under the FLSA, she was entitled to be paid $54 per hour for each overtime hour. The Court finds that Davis has shown unpaid wages of $18 per hour for 843.31 hours, totaling $15,179.58.

Robinson seeks $4,550 in unpaid overtime. She submits a declaration stating that she worked for Defendants for 13 weeks, from October 16, 2022 through January 16, 2023, and would "typically work 12 hours per day, Monday through Friday, or 60 hours per week" at $35 per hour. Dkt. 25-4 at 1.

---

[1] One of Davis' biweekly paychecks appears to be for 6 days at 12 hours each day, which she marks in the attachment to her affidavit as occurring in one week. Dkt. 25-2 at 1; Dkt. 25-3 at 3.

Lewis seeks $9,660 in unpaid overtime. She submits a declaration stating that she worked for Defendants for 69 weeks, from March 1, 2022 through July 1, 2023, and typically worked 12 hours per day, Tuesday through Friday, or 48 hours per week at $35 per hour. Dkt. 25-5 at 1.

Courts have found similar declarations by plaintiffs in FLSA actions sufficient proof to establish damages for uncompensated overtime. *Champion v. Phaselink Util. Sols., LLC*, No. SA-22-CV-00145-JKP, 2022 WL 3693461, at *8 (W.D. Tex. Aug. 24, 2022) (collecting cases). The Court finds that Robinson worked 60 hours per week for 13 weeks and was paid $35 per hour, but was entitled to be paid 20 hours of overtime each week at $52.50 per hour. Her unpaid overtime wages of $17.50 per hour for 20 hours per week for 13 weeks equals $4,550. The Court finds that Lewis worked 48 hours per week for 69 weeks and was paid $35 per hour, but was entitled to be paid 8 hours of overtime each week at $52.50 per hour. Her unpaid overtime wages of $17.50 per hour for 8 hours per week for 69 weeks equals $9,660.

The Court also finds that liquidated damages equal to the unpaid wages are appropriate because Defendants have not met their burden to show "good faith and reasonableness in violating the FLSA." *Gauna v. Tex. AAA Vacuum Truck & Outhouse Serv., LLC*, No. SA-16-CA-402-XR, 2016 WL 8856915, at *3 (W.D. Tex. Nov. 3, 2016).

## 2. Attorneys' Fees and Costs

Attorneys' fees and costs are mandatory in a successful FLSA action. 29 U.S.C. § 216(b). Plaintiffs request $6,420 in attorneys' fees and $690.37 in costs. Dkt. 25 at 9.[2] Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, namely, the market

---

[2] Plaintiffs state that they do not seek fees or costs associated with serving McCullough after the Court vacated the entry of default against her or with the second motion for default judgment. Dkt. 25 at 9.

rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[3] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

Plaintiffs submit a declaration from their counsel, Douglas B. Welmaker, who states that he spent 13.7 hours working on this case at an hourly rate of $600, for a total bill of $8,220. Dkt. 25-6 at 2. Welmaker states that he will voluntarily write off $1,800 of the bill to account for any "excessive or duplicative tasks." *Id.* Welmaker also provided time records for the 13.7 hours spent, which the Court finds are sufficiently reasonable and do not warrant a reduction. Dkt. 25-7.

Welmaker has practiced labor and employment law in Texas for more than 30 years. Dkt. 25-6 at 1. The Court finds that a $600 hourly rate is reasonable and within the standard range of rates awarded to attorneys of similar experience in FLSA cases. *See White v. Patriot Erectors LLC*, No. 1:20-CV-00884-SH, 2023 WL 5600936, at *2 (W.D. Tex. Aug. 29, 2023) (awarding $575 per hour for an attorney with "more than 20 years of professional experience in labor, employment, and civil rights matters").

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The lodestar amount, multiplying reasonable rates by hours worked, is $8,220, reduced by Welmaker's voluntary write off to $6,420. After considering the *Johnson* factors, the Court declines to adjust the lodestar.

Plaintiffs also seek comprising the $402 filing fee, $89.87 for service of the Complaint, $16.28 in postage, and $182.22 for service of the First Amended Complaint. Dkt. 25 at 9. The filing fee is recoverable under 28 U.S.C. § 1920(1). But because fees for private service of process are not enumerated in § 1920, they are not recoverable without a showing of an "exceptional" circumstance. *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010). In addition, "[c]osts for mail services have consistently been disallowed on the grounds that these expenses are only for the convenience of the attorney." *Stoffels v. SBC Commc'ns, Inc.*, No. SA-05-CV-0233-XR, 2012 WL 2122191, at *3 (W.D. Tex. June 11, 2012). Plaintiffs are entitled to recover only the $402 filing fee.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Second Amended Motion for Default Judgment (Dkt. 25) and **ENTER DEFAULT JUDGMENT** under Rule 55(b) against Defendants Alverna McCullough and Alomega Home Health Care, LLC on Plaintiffs' claims under the Fair Labor Standards Act.

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court award Plaintiffs $6,420 in attorneys' fees and $402 in costs and, pursuant to 29 U.S.C. § 216(b):

1) $15,179.50 in unpaid overtime compensation and $15,179.50 in liquidated damages to Tiffany Davis;

2) $4,550 in unpaid overtime compensation and $4,550 in liquidated damages to Shukri Robinson; and

3) $9,660 in unpaid overtime compensation and $9,660 in liquidated damages to Crystal Lewis.

It is **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 31, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE